UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>                      Plaintiff,<br><br>        v.<br><br>HOLDEN SAND & GRAVEL and JOSEPH MONTALTO, Fiduciary for the HOLDEN SAND AND GRAVEL SIMPLE IRA PLAN<br><br>                      Defendants. | CIVIL ACTION NO. 4:14-cv-40141 |

COMPLAINT

Thomas E. Perez, Secretary of the United States Department of Labor, hereby alleges:

(1) This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001, <u>et seq.</u>, and is brought to redress violations, to obtain restitution from employee benefit plan fiduciaries and to obtain other appropriate relief necessary to enforce the provisions of Title I of ERISA pursuant to §§502(a)(2) and (5), 29 U.S.C. §§1132(a)(2) and (5).

(2) The Court has jurisdiction over this action pursuant to ERISA §502(e)(1), 29 U.S.C. §1132(e)(1).

(3) Venue of this action lies in the District of Massachusetts pursuant to ERISA §502(e)(2), 29 U.S.C. §1132(e)(2).

(4)     During the pertinent period, from December 22, 2006 to the present (the "pertinent period"), Holden Sand and Gravel, (the "Company") had been an employer within the meaning of ERISA §3(5), 29 U.S.C. §1002(5), and had been a corporation having an office and place of business at 789 Wachusett Street, Holden, MA within the jurisdiction of this Court. The Company ceased operations in 2008.

(5)     Holden Sand and Gravel, established, on October 1, 2005, the Holden Sand and Gravel Simple IRA Plan (the "Plan"), an employee pension benefit plan within the meaning of ERISA §3(2)(A), 29 U.S.C. §1002(2)(A), and which is covered under ERISA pursuant to §4(a), 29 U.S.C. § 1003(a).

(6)     The purpose of the Plan was to provide retirement benefits for the exclusive benefit of its participants, employees of Holden Sand and Gravel.

(7)     The Company was, and is, the sponsor of the Plan, as defined by ERISA §3(16)(B)(i), 29 U.S.C. §1002(16)(B)(i), and acted as Plan Administrator for the Plan during the pertinent period and, as such, was, and is, a fiduciary with respect to the Plan within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A).  At all times relevant to this action, Holden Sand and Gravel was a party in interest within the meaning of ERISA §§3(14)(A) and (C), 29 U.S.C. §§ 1002(14)(A) and (C).

(8)     During the pertinent period, Joseph Montalto ("Montalto") was the President, Treasurer, sole director and sole owner of the Company.  In addition, Montalto exercised discretionary authority or control respecting management of the Plan, and exercised authority or control respecting management or disposition of assets of the Plan. As such, Montalto was, and is, a fiduciary with respect to the Plan within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A) and a party in interest with respect to the Plan

within the meaning of ERISA §3(14)(A, 29 U.S.C. § 1002(14)(A).  As the sole owner of the Company and employer of employees of the Company during the pertinent period, Defendant Montalto was, and is, a party in interest with respect to the Plan within the meaning of §§3(14)(C),(E) and (H) , 29 U.S.C. § 1002(14)(C), (E) and (H).

(9)     During the pertinent period, Montalto and his wife Jacqueline Montalto were the only authorized signatories of the Plan.

(10)    During the pertinent period, Defendant Holden Sand and Gravel and Defendant Montalto (together hereinafter, "Defendants") were responsible for receiving and collecting any and all monies and other property due to the Plan, including contributions, and for properly managing the assets of the Plan, including the withheld employee contributions.

(11)    During the pertinent period, the Plan was to be funded by withheld employee contributions in accordance with each participant's election, and by employer matching contributions.

(12)    During the pertinent period, Defendant Company deducted money from its employees' paychecks as employee elected salary deferrals to the Plan.  The employee contributions withheld on behalf of each Plan participant during the pertinent period became assets of the Plan by operation of 29 C.F.R. §2510.3-102.

(13)    During the pertinent period, Defendants failed to take appropriate measures to receive and collect any and all employee contributions due to the Plan, and to ensure that the withheld employee contributions, as assets of the Plan, were properly forwarded to the Plan account.  Montalto made the decision to stop forwarding employee

contributions to the Plan, and the Company failed to forward to the Plan withheld employee contributions totaling $3,900.

(14)    Defendants failed to remit the salary deferrals to the Plan and diverted the withheld contributions for use by the Company for purposes other than Plan benefits. Defendants further failed to segregate the Plan assets from the Company's general assets.

(15)    As a result of the conduct set forth at paragraphs 12-14, Defendants failed to discharge their fiduciary duties solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA §404(a)(1)(A), 29 U.S.C. §1104(a)(1)(A).

(16)    As a result of the conduct set forth at paragraphs 12-14, Defendants failed to discharge their fiduciary duties with care, skill, prudence and diligence, in violation of ERISA §404(a)(1)(B), 29 U.S.C. §1104(a)(1)(B).

(17)    As a result of the conduct set forth at paragraphs 12-14, Defendants engaged in prohibited transactions by causing or permitting the Plan to engage in transactions constituting a direct or indirect transfer to or use of Plan assets for the benefit of, a party in interest with respect to the Plan, in violation of ERISA §406(a)(1)(D), 29 U.S.C. §1106(a)(1)(D).

(18)    As a result of the conduct set forth at paragraphs 12-14, Defendants engaged in prohibited transactions by dealing with the assets of the Plan in their own interest or for their own account, in violation of ERISA §406(b)(1), 29 U.S.C. §1106(b)(1).

(19) During the pertinent period, Defendants were responsible to ensure the continued prudent administration and termination of the Plan.

(20) During the pertinent period, Defendants failed to take fiduciary responsibility for the operation and administration of the Plan and its assets, including taking appropriate measures to effectuate the distribution of Plan assets to the participants and beneficiaries, and terminating the Plan.

(21) As a result of the conduct set forth at paragraph 20, Defendants failed to discharge their fiduciary duties for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA §404(a)(1)(A), 29 U.S.C. §1104(a)(1)(A).

(22) As a result of the conduct set forth at paragraphs 20, Defendants failed to discharge their fiduciary duties with care, skill, prudence and diligence, in violation of ERISA  §404(a)(1)(B), 29 U.S.C. §1104(a)(1)(B).

WHEREFORE, the Secretary of Labor prays that this Court enter an Order:

(1) Permanently enjoining Defendants from violating, or participating in violations of the provisions of ERISA §§404 and 406, 29 U.S.C. §§1104 and 1106.

(2) Permanently enjoining Defendant Montalto from serving as a fiduciary to any ERISA-covered plan in the future.

(3) Ordering Defendant Montalto to restore to the Plan any and all losses incurred as a result of fiduciary breaches for which he is liable, with appropriate interest.

(4) Requiring an offset of Defendant Montalto's individual Plan account, as authorized by 29 U.S.C. §1056(d)(4),  to be used for the benefit of the other, non-fiduciary Plan participants to the extent necessary to make their Plan accounts whole.

(5) Appointing an independent fiduciary to administer the Plan and effectuate the proper distribution of Plan assets to the participants and beneficiaries.

(6) Awarding to the Secretary the costs of this action, and other relief as is equitable and just.

|  |  |
|---|---|
|  | M. Patricia Smith<br>Solicitor of Labor |
| Post Office Address:<br>Office of the Solicitor<br>J.F.K. Federal Building,<br>Room E-375<br>Boston, MA  02203<br>(617) 565-2500<br>FAX (617) 565-2142<br>collins.christine@dol.gov | Michael D. Felsen<br>Regional Solicitor<br><br>/s/ Christine A. Collins<br>Christine A. Collins<br>Attorney Bar # 552660<br>United States Department of Labor<br>Attorneys for the Plaintiff<br><br>DATE:  October 1, 2014 |